**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1620**

In Re:  ALBERT NEWTON COOMBS,

Petitioner.

On Petition for Writ of Mandamus.
(1:99-cr-00069-NCT-5)

Submitted:  January 22, 2010          Decided:  March 4, 2010

Before KING, SHEDD, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Albert Newton Coombs, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Newton Coombs petitions for a writ of mandamus, alleging the district court has unduly delayed acting on his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006). He seeks an order from this court directing the district court to act.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003). "Courts are extremely reluctant to grant a writ of mandamus." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). To obtain mandamus relief, a petitioner must show that:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001) (internal quotation marks omitted).

We have considered Coombs' petition and find that he does not meet the exacting requirements necessary for the issuance of a writ of mandamus. The District Court for the Middle District of North Carolina has developed an administrative procedure governing consideration of all

2

§ 3582(c)(2) motions filed in the district.  These motions have been sorted and prioritized according to the potential release date should the relief sought be granted.  As Coombs' potential release date has been calculated by the district court to be October 2016, Coombs is not prejudiced by the delay in the disposition of his motion.

Accordingly, we deny Coombs' petition for writ of mandamus, without prejudice to the filing of another mandamus petition should the consideration of his motion extend materially beyond six months following issuance of this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3